UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENZEL EARLY,

        Plaintiff,

v.

BABU R. VADLAMUDI,

        Defendant.

_____/

Case No. 2:25-cv-13337

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2) AND SUMMARILY DISMISSING COMPLAINT (ECF No. 1)**

In October 2025, *pro se* Plaintiff Denzel Early sued Defendant Dr. Babu R. Vadlamudi, alleging violations of constitutional, federal, and state rights. ECF No. 1. He also filed an application to proceed *in forma pauperis* (IFP). ECF No. 2. Early's IFP application supports his claim of poverty, so it will be granted. However, for the reasons explained below, this action will be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim.

## I. BACKGROUND

According to the complaint, Michigan physician Dr. Vadlamudi set an in-person appointment with Early for October 21, 2025. ECF No. 1 at PageID.2. Dr. Vadlamudi—or those acting on his behalf—allegedly pressured Early "to travel to locations characterized as outside normal jurisdictional oversight, without clear

governmental or international authority." *Id.* Early further alleges that Dr. Vadlamudi disregarded Early's "Living Will and advance directives," concluding that such disregard was "contrary to the Patient Self Determination Act and accepted medical standards." *Id.*

Early also alleges that Dr. Vadlamudi's staff coordinator "stereotyped" Early and made unspecified threatening remarks. *Id.* Early alleges that those comments instilled fear, caused emotional distress, and made him believe that services would be conditioned on his compliance with directives that he considered improper. *Id.* Early insists that he agreed to participate in telehealth and Zoom appointments only "under threat and coercion." *Id.* He claims that if Dr. Vadlamudi proceeds with the October appointment under what he characterizes as coercive conditions and without honoring his "Living Will," he will suffer "imminent and irreparable harm." *Id.* On these allegations, Early asserts the following causes of action:

- Count 1 – Violation of Patient Autonomy and Federal Rights (42 U.S.C. § 1983);

- Count 2 – Discrimination and Hostile Environment (Title VI and Equal Protection); and

- Count 3 –Coercion and Unfair/Deceptive Practices (state law).

*Id.*

Included in the complaint is an "emergency motion for temporary restraining order and preliminary injunction," a "criminal referral letter," and a 173-page appendix titled "African Agenda 2063 Framework Document." *Id.* at PageID.3–179.

## II. LEGAL STANDARD

Because Early proceeds *in forma pauperis*, his claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). These standards require district courts to dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). *See also Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).

Early also proceeds *pro se*, so his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Early's *pro se* status does not exempt him from meeting basic pleading requirements and complying with the Civil Rules. *See Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017). His complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R.

- 3 -

CIV. P. 8(a)(2), one that would "give the defendant[s] fair notice" of what the claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Further, his complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)). The Court "must accept as true any well-pleaded factual allegations in the plaintiff's complaint but [it] need not accept as true legal conclusions or unwarranted factual inferences." *Bouye v. Bruce*, 61 F.4th 485, 489 (6th Cir. 2023) (internal quotation marks and citation omitted).

### III. ANALYSIS

In this civil rights case, Early alleges that a medical doctor and his staff violated the Patient Self Determination Act (42 U.S.C. § 1395cc(f))[1], Title VI of the Civil Rights Act of 1964, and the Due Process and Equal Protection Clauses in the context of a medical appointment. To review this complaint under § 1915(e)(2), this Court will "construe the complaint in the light most favorable to the plaintiff, [and]

---

[1] Although he mentions the Patient Self Determination Act (42 U.S.C. § 1395cc(f)) under his "jurisdiction" section of the complaint, ECF No. 1 at PageID.1, he makes no explicit claims for relief under it. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).

- 4 -

accept all well-pleaded factual allegations in the complaint as true," *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 897 (6th Cir. 2019) (internal quotation marks and citation omitteds). But this Court "need not accept as true legal conclusions or unwarranted factual inferences." *Bouye v. Bruce*, 61 F.4th 485, 489 (6th Cir. 2023) (internal quotation marks and citation omitted).

### A. Count I: Section 1983 Claims

Early alleges that Dr. Vadlamudi was a state actor "or federally regulated medical authority" who violated his due process and equal protection rights by interfering with Early's "right to refuse unwanted directives" and by not respecting his "advance directives." ECF No. 1 at PageID.2. But this bald allegation is insufficient to hold Dr. Vadlamundi as a state actor for purposes of § 1983. Therefore, this claim will be dismissed.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(a) deprivation of a right secured by the Constitution or federal law; and (b) that deprivation was caused by a person acting under color of state law." *Aarti Hosp., LLC v. City of Grove City, Ohio*, 350 F. App'x 1, 11 (6th Cir. 2009) (quoting *Alkire v. Irving*, 330 F.3d 802, 813 (6th Cir. 2003)). Section 1983, however, does not provide a cause of action against a private party acting in an individual capacity, "'no matter how discriminatory or wrongful' the party's conduct," *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526

U.S. 40, 50 (1999)); *see also Campbell v. PMI Food Equip. Grp., Inc.*, 509 F.3d 776, 783 (6th Cir. 2007) (noting the general rule against bringing a § 1983 claim against a private party). The exception to this general rule is where the charged private party's actions "so approximate state action that may be fairly attributed to the state." *Inner City Contracting, LLC v. Charter Twp. of Northville*, 87 F.4th 743, 757 (6th Cir. 2023).

Here, Early alleges that Dr. Vadlamudi is a physician who, "acting under color of state or federal[] medical authority," interfered with his medical rights "violating due process and federal law." ECF No. 1 at PageID.1–2. These assertions are nothing more than "labels and conclusions," *Iqbal*, 556 U.S. at 678, that do not support the conclusion that Dr. Vadlamudi acted under color of state law. To do so would exceed the limits of liberal construction. *See Porter*, 676 F. App'x at 440. After all, the responsibility for setting forth a plausible claim rests with the plaintiff. *See id.* (citing *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)).

Accordingly, Early's claims will be dismissed because Dr. Vadlamudi is not a "person" subject to suit under § 1983. *See Crowder v. Conlan*, 740 F.2d 447, 449 (6th Cir. 1984) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)) (explaining that a § 1983 inquiry ends if there is no state action in a case where the hospital and its staff were not found as state actors despite the connections with the state government).

## B. Count II: Title VI of the Civil Rights Act Claims

Early also asserts a claim under Title VI of the Civil Rights Act alleging that Dr. Vadlamudi subjected Early to discrimination and hostile medical environment through threats and "stereotyping." ECF No. 1 at PageID.2. Because he does not allege discrimination based on his race or national origin, his Title VI claims necessarily fails.

Title VI prohibits discrimination on the basis of race, color, or national origin "under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. But Title VI prohibits only *intentional* discrimination. *Foster v. Michigan*, 573 F. App'x 377, 388 (6th Cir. 2014) (noting that "Title VI targets intentional discrimination only," so a plaintiff must plead "plausible claims of intentional discrimination" to avoid dismissal). To state a claim, a plaintiff must allege facts showing that: (1) he was "excluded from participation in, [] denied the benefits of, or [] subjected to discrimination under a program or activity receiving Federal financial assistance;" and (2) the defendant *intentionally* discriminated against him on the basis of race, color, or national origin. *See* 42 U.S.C. § 2000d. "[A] complaint that includes conclusory allegations of discriminatory intent without additional supporting details does not sufficiently show that the pleader is entitled to relief." *Nali v. Ekman*, 355 F. App'x 909, 913 (6th Cir. 2009); *see also Iqbal*, 556 U.S. at 680. Early has not satisfied either element.

- 7 -

Early also does not plausibly allege that Dr. Vadlamudi's practice constitutes a program or activity receiving federal financial assistance within the meaning of Title VI. Rather, he simply concludes that the alleged discrimination affected "access to services in a federally funded program." ECF No. 1 at PageID.2. Such a bare assertion, unsupported by factual allegations, is insufficient. *See Iqbal*, 505 U.S. at 680. The Court cannot speculate as to how Dr. Vadlamudi's practice receives qualifying federal financial assistance. *See Wells*, 891 F.2d at 594. This deficit of facts also deprives Dr. Vadlamudi of fair notice of the grounds upon which the claims rest. *See Twombly*, 550 U.S. at 555. After all, it is not the Court's role to construct legal theories on a plaintiff's behalf or to supply factual allegations that have not been pleaded. To do so would exceed the limits of liberal construction. See *Porter*, 676 F. App'x at 440.

Moreover, the complaint does not include any factual allegations showing that Early was intentionally discriminated against on the basis of race or national origin. Instead, he merely asserts that "[t]hrough threats and stereotyping by staff, Defendant subjected Plaintiff to discrimination and a hostile medical environment." ECF No. 1 at PageID.2. In fact, Early does not even allege that he is a member of a protected class that is based on race, color, or national origin. *See Hotchkiss v. Garno*, 883 F. Supp. 2d 719, 737 (E.D. Mich. 2012) (articulating that "[t]he elements of a prima facie case of intentional discrimination" include "membership in a

protected class"). Thus, these allegations do not identify race or national origin as the basis for discrimination, let alone include facts supporting a plausible inference of discriminatory intent. *See Foster*, 573 F. App'x at 388 (holding that Title VI only applies to discrimination on the basis of race, color, or national origin).

Accordingly, Early fails to state a Title VI claim. *Taylor v. Univ. Hosps. of Cleveland*, No. 21-3177, 2022 U.S. App. LEXIS 4286, at *9 (6th Cir. Feb. 16, 2022) (holding that allegations of improper medical treatment, untethered to concrete facts suggesting that racial animus motivated the challenged conduct, fail to state a claim under Title VI).

## C. Count III: Remaining State-Law Claims

Early's complaint included additional state-law claims for "Coercion and Unfair/Deceptive Practices." ECF No. 1 at PageID.2. But because the federal claims here will be dismissed, and because no compelling reasons exist for this case to remain in federal court, this Court declines to exercise supplemental jurisdiction over the remaining state claims and will therefore not consider their merits. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010) (observing that where all federal claims are dismissed, "the balance of considerations usually will point to dismissing the state law claims"). Thus, the state-law claims will be dismissed without prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepaying Fees or Costs, ECF No. 2, is **GRANTED**;

2. Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**;

3. Plaintiff's Motions for temporary restraining order and preliminary injunction, ECF No. 1 at PageID.3, is **DENIED AS MOOT**; and

4. Plaintiff is **DENIED** permission to appeal *in forma pauperis* because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 24, 2026

- 10 -